Michael R. DiChiara
KRAKOWER DICHIARA LLC
77 Market Street, Suite 2
Park Ridge, New Jersey 07656
201-746-0303
347-765-1600 (fax)

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------x
JOHN SNYDER II, DARRELL HARLEY,
RONALD SOLIMANDO, and JONATHAN
DARTEE,

                    Plaintiffs,

        -against-

CRIGER SERVICE, INC, TRITON TOWING,
LLC, and ADAM LACH, Individually,

                    Defendants.
--------------------------------------------------------x

COMPLAINT

Civil Action No.:

DEMAND FOR JURY TRIAL

      Plaintiffs JOHN SNYDER II, DARRELL HARLEY, RONALD SOLIMANDO, AND JONATHAN DARTEE, by and through their attorneys, KRAKOWER DICHIARA LLC, upon personal knowledge as to themselves and upon information and belief as to other matters, brings this Complaint against Defendants CRIGER SERVICE, INC, TRITON TOWING, LLC, and ADAM LACH, Individually, (collectively "Defendants"), and respectfully alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiffs bring this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (FLSA). Plaintiffs claims they are entitled to unpaid wages from Defendants

1

for hours worked as well as overtime hours worked for which they did not receive overtime premium pay as required by law and liquidated damages pursuant to the FLSA.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Defendants**

5. Defendants are enterprises engaged in commerce for purposes of the Fair Labor Standards Act.

6. All actions and omissions described in this complaint were made by Defendants directly and/or through their supervisory employees and agents.

7. Defendants routinely conduct business within the District of New Jersey.

**Defendant Criger Service, Inc. ("Criger Service")**

8. Defendant Criger Service is a New Jersey Domestic Business Corporation in the State of New Jersey providing tow truck.

9. Defendant Criger Service maintains a principal executive office at 79 Lane Rd, Fairfield, NJ 07004.

2

10. Upon information and belief, at all times relevant to this Complaint, Defendant Criger Service was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed Plaintiffs.

**Defendant Triton Towing LLC ("Triton Towing")**

11. Defendant Triton Towing is a New Jersey Domestic Business Corporation in the State of New Jersey providing tow truck services.

12. Defendant Triton Towing maintains a principal executive office at 79 Lane Rd, Fairfield, NJ 07004.

13. Upon information and belief, at all times relevant to this Complaint, Defendant Triton Towing was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed Plaintiffs.

**Defendant Adam Lach ("Lach")**

14. Upon information and belief, Defendant Lach was and is an officer and/or director and/or president and/or owner of Defendant Criger Service.

15. Upon information and belief, Defendant Lach was and is an officer and/or director and/or president and/or owner of Defendant Triton Towing.

16. Defendant Lach maintains executive offices at 79 Lane Rd, Fairfield, NJ 07004.

17. At all times relevant to this Complaint, Defendant Lach had power over personnel decisions at Criger Service, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

18. At all times relevant to this Complaint, Defendant Lach had power over personnel decisions at Triton Towing, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

19. At all times relevant to this Complaint Defendant Lach had the power to determine employee policies at Criger Service, including, but not limited to, time-keeping and payroll policies.

20. At all times relevant to this Complaint Defendant Lach had the power to determine employee policies at Triton Towing, including, but not limited to, time-keeping and payroll policies.

21. At all times relevant to this Complaint, Defendant Lach had power over payroll decisions at Criger Service, including the power to retain time and/or wage records.

22. At all times relevant to this Complaint, Defendant Lach had power over payroll decisions at Triton Towing, including the power to retain time and/or wage records.

23. At all times relevant to this Complaint, Defendant Lach was actively involved in managing the day-to-day operations of Criger Service.

24. At all times relevant to this Complaint, Defendant Lach was actively involved in managing the day-to-day operations of Triton Towing.

25. At all times relevant to this Complaint, Defendant Lach had control over, and the power to change compensation practices at Criger Service.

26. At all times relevant to this Complaint, Defendant Lach had control over, and the power to change compensation practices at Triton Towing.

27. At all times relevant to this Complaint, Defendant Lach had the power to stop any illegal pay practices that harmed Plaintiffs.

28. At all times relevant to this Complaint, Defendant Lach was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed Plaintiffs.

**Defendants' Status as Joint Employers**

29. At all times relevant to this Complaint, Defendants were joint employers, and these Defendants jointly employed Plaintiffs.

30. At all times relevant to this Complaint, the Defendant Criger Service exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiffs were subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiffs, the issuance of work assignments and instructions, and the supervision of Plaintiffs' day-to-day activities.

31. At all times relevant to this Complaint, the Defendant Triton Towing exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiffs were subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiffs, the issuance of work assignments and instructions, and the supervision of Plaintiffs' day-to-day activities.

32. At all times relevant to this Complaint, the Defendant Lach exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiffs were subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiffs, the issuance of work assignments and instructions, and the supervision of Plaintiffs' day-to-day activities.

33. At all times relevant to this Complaint, the Defendants exercised common control over supervision of Plaintiffs.

**Plaintiffs**

34. Plaintiff John Snyder II ("Snyder") was employed by Defendants as a tow truck driver from approximately August 12, 2016 to the present.

35. Plaintiff Darrell Harley ("Harley") was employed by Defendants as a tow truck driver from October 30, 2010 until December 7, 2016.

36. Plaintiff Ronald Solimando ("Solimando") was employed by Defendants as a tow truck driver from January 2011 until May 2017.

37. Plaintiff Jonathan Dartee ("Dartee") was employed by Defendants as a tow truck driver from approximately January 2016 through March 2017.

38. Throughout their employments with Defendants, Plaintiffs were employed in non-exempt positions.

## FACTS

39. Defendants committed the following alleged acts knowingly, intentionally and willfully.

40. Defendants knew that nonpayment of wages, including nonpayment of overtime wages, would economically injure Plaintiffs and violated federal and state laws.

41. Defendants routinely required Plaintiffs to work in excess of forty (40) hours per week.

42. At all times relevant to this Complaint, Defendants required Plaintiffs to work at least fifty (50) hours per week.

43. Despite requiring Plaintiffs to work at least fifty (50) hours per week, Defendants failed to compensate Plaintiff overtime for any hours worked in excess of forty (40).

44. Defendants instituted unlawful company policies that required Plaintiffs to work overtime hours for which they would not be properly paid. These policies harmed Plaintiff.

45. Throughout Plaintiffs' employments, Defendants compensated Plaintiffs each week by paying them two checks. For example, if Plaintiffs worked fifty (50) hours in one week, Defendants would provide Plaintiffs with one check from Defendant Criger Service for forty (40) hours and one check from Triton Towing for ten (10) hours.

46. Plaintiffs' job location was exactly the same for all hours worked.

47. Plaintiffs' job duties were exactly the same for all hours worked.

48. Plaintiffs' supervisors were exactly the same for all hours worked.

49. Despite performing the exact same duties, under the exact same supervisors, from the exact same location, Defendants compensated Plaintiffs with checks issued by two different companies.

50. Defendants only ever compensated Plaintiffs straight time for any hours worked.

51. Defendants never compensated Plaintiffs for more than forty (40) hours per week in a single paycheck, despite Plaintiffs regularly working at least fifty (50) hours per week.

52. Defendants compensated Plaintiffs with checks from two different companies to avoid having to pay Plaintiffs overtime.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)**

53. Plaintiff realleges and incorporates by reference all previous paragraphs.

54. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs.

55. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

56. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay employees the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Defendants' employees have been and are entitled to overtime.

57. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

58. Plaintiffs seeks damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

    A.    Damages in an amount to be determined at trial

    B.    All compensatory and economic damages;

    C.    All reasonable expenses incurred by Plaintiffs, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Plaintiff may show themselves justly entitled;

    D.    Liquidated damages.

    E.    All punitive and statutory damages authorized by law;

    F.    Pre-judgment and post-judgment interest; and

    G.    Such further relief as the Court finds just and proper.

.

Dated:  October 23, 2017          Respectfully submitted,

                                        **KRAKOWER DICHIARA LLC**

                                        By: _____s/ Michael R. DiChiara_____

                                        Michael R. DiChiara
                                        77 Market St, Suite 2
                                        Park Ridge, NJ 07656
                                        *Attorneys for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.