## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is entered into by John Snyder II, Darrell Harley, Ronald Solimando, and Jonathan Dartee (John Snyder II, Darrell Harley, Ronald Solimando, and Jonathan Dartee collectively referred to as "Plaintiffs"), Criger Service, Inc., Triton Towing, LLC, and Adam Lach, Individually (Criger Service, Inc., Triton Towing, LLC, and Adam Lach collectively referred to as "Defendants") (Plaintiffs and Defendants collectively referred to as "Parties").

WHEREAS, on or about October 23, 2017, Plaintiffs filed a Complaint in the United States District Court, District of New Jersey, with the Civil Action No. 2:17-cv-08896, alleging violations of the Fair Labor Standards Act (the "Action").

WHEREAS, no Party concedes liability and all Parties expressly deny all allegations in their entirety;

WHEREAS, the Parties desire to settle fully and finally all differences between them, including but in no way limited to those differences embodied in the Action, without further resort to litigation;

NOW, THEREFORE, in consideration of mutual promises herein contained, it is hereby agreed as follows:

1. This Agreement shall not in any way be construed as an admission by any party, or any of their owners, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents or employees of any claim or defense made by an opposing party.  The Parties, on behalf of themselves, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents and employees, expressly deny any wrongdoing.

2. In consideration for promises made by Plaintiff contained in Paragraph "3" below, and in the other provisions of this Agreement, Defendants agree to provide Plaintiffs, through their counsel, with the total settlement sum of gross sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) (the "Settlement Amount"), in consideration for and in full satisfaction of all claims Plaintiffs may have against Defendants, known or unknown, asserted or unasserted, through the date of Plaintiffs' complete execution of the Agreement. Defendants shall pay to Plaintiffs the Settlement Amount that will be paid in three (3) installments according to the schedule set forth in paragraph below.  Each payment towards the Settlement Amount will be sent to **Michael DiChiara, Esq., Krakower DiChiara LLC, 77 Market Street, Suite 3, Park Ridge, New Jersey 07656**. The Settlement Amount shall be paid in three (3) installments as follows:

   a. The initial payment of $10,000.00 made on or before March 7, 2019 made payable to Krakower DiChiara, LLC as attorneys for John Snyder II, Darrell Harley, Ronald Solimando, and Jonathan Dartee,

   b. The second payment of $10,000.00 on or before April 7, 2019 made payable to Krakower DiChiara, LLC as attorneys for John Snyder II, Darrell Harley, Ronald Solimando, and Jonathan Dartee,

   c. The third payment of $10,000.00 on or before May 7, 2019 made payable to Krakower DiChiara, LLC as attorneys for John Snyder II, Darrell Harley, Ronald Solimando, and Jonathan Dartee,

   d. As security for said installment payments, Defendants agree to execute a Confession of Judgment for the Settlement Amount prior to Defendants' filing of the stipulation of discontinuance in the form attached hereto at Exhibit A. Said

Confession of Judgment shall be held in escrow by counsel for Plaintiffs. In the event that any check issued by Defendants pursuant to this Paragraph is not received by the specified date or returned as uncollectable because of insufficient funds, all monies thereafter due and payable under this Settlement Agreement shall be paid in the form of guaranteed, certified funds (e.g., a certified check, cashier's check, or money order) within five (5) business days of notice of the default. In addition, Defendants shall reimburse Plaintiffs and/or Plaintiffs' counsel for any fees incurred as a result of the returned check(s). In the event that Defendants fail to cure the default within five (5) business days of the date of receipt of the notice of default, Plaintiffs shall be entitled to entry of a final judgment to be entered in the Superior Court for the State of New Jersey, against all Defendants jointly and severally in the amount of $30,000.00, less any payments that have been made up until the date the judgment is entered, in addition to costs, interest, and attorneys' fees accrued in securing such judgment to be executed forthwith upon the filing of an affidavit of non-payment by the Plaintiffs.

e.   Defendants shall issue a Form 1099 in connection with the above payments.

3.   Parties, their heirs, executors, administrators, successors and assigns, voluntarily releases and forever discharge each other, their subsidiaries, divisions, affiliated entities, agents, officers, principals, trustees, administrators, executors, agents, attorneys, employees, former employees, family members, insurers, predecessors, successors and assigns, both individually and in their official capacities (collectively "Releasees"), of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds,

bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, counterclaims, charges, complaints, alleged fraud, misrepresentation, appeals and demands whatsoever, in law or equity, which they may have against Releasees from the beginning of the world to the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B; the Immigration Reform and Control Act, as amended; the Workers Adjustment Retraining Notification Act, as amended; the Family and Medical Leave Act; New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.1, 56a et seq. ("NJWHL"), and its Regulations N.J.A.C. § 12:56 et seq.; the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, et seq., ("NJLAD"); any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for unpaid wages, employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of

emotional distress including but not limited to any claim relating in any way to the employment relationship between the parties; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, based upon any conduct occurring up to and including the date of the complete execution of this Agreement.

4. This Agreement and compliance with this Agreement shall not be construed as an admission by any Party of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. The Parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of the Action.

6. This Agreement represents the complete understanding between the Parties, and fully supersedes any prior agreements or understandings between the Parties.  The parties acknowledge that they have not relied on any representations, promises or agreements of any kind made to them in connection with their decision to sign this Agreement except for those set forth in the Agreement.  No other promises or agreements shall be binding or shall modify this Agreement except in writing signed by each of the parties.

7. This Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of New Jersey.

8. Plaintiffs and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

9. Each party has cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any party.

10. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, then they shall not be deemed to be a part of this Agreement.

11. This Agreement may be executed using facsimile or PDF signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect of the original thereof.

12. Before signing this Agreement, Plaintiffs state that:

   a. The period of time they have been given to consider his rights and obligations under this Agreement is reasonable;

   b. Before executing this Agreement, Plaintiffs consulted with an attorney;

   c. Plaintiffs have elected to enter into this Agreement knowingly and voluntarily and release Defendants from any and all claims, known or unknown, they may have in exchange for the benefit he has obtained by this Agreement;

   d. The General Release in this Agreement constitutes a waiver of all rights and claims they may have under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.;

    e.    This Agreement does not waive any rights or claims that may arise after this Agreement is finally accepted and executed.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____  _____
**John Snyder II**

Dated: _____  _____
**Darrell Harley**

Dated: _____  _____
**Ronald Solimando**

Dated: _____  _____
**Jonathan Dartee**

Dated: _____  _____
**Criger Service, Inc.**
By:_____

Dated: _____  _____
**Triton Towing, LLC**
By:_____

Dated: _____  _____
**Adam Lach**